**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John R. Griffin, Jr.

    v.                                                  Civil No. 09-cv-00250-SM

New Hampshire Department of
Employment Security et al.[1]

**ORDER**

Before the court is the Complaint (doc. no. 1) filed by John R. Griffin, Jr., alleging that defendant Speare Memorial Hospital ("Hospital"), acting through its agents, defendants Laurie Bolognani and Peter Kritkos (hereinafter "Hospital defendants"), improperly fired him in retaliation for his exercise of free speech and in violation of his right to equal protection, and that defendant New Hampshire Department of Employment Security ("NH DES") improperly determined that a comment constituting political speech made to a patient could be characterized as "misconduct" for the purposes of denying unemployment compensation. The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C.

---

[1] In addition to naming the New Hampshire Department of Employment Security, the complaint lists the following defendants: Speare Memorial Hospital; the Hospital's Human Resource Director, Laurie Bolognani; and the Hospital's Chief Financial Officer, Peter Kritkos.

§ 1915(e)(2)(B); Local Rules of the United States District Court for the District of New Hampshire ("LR") 4.3(d)(1)(B) (magistrate judge directed to perform preliminary review of complaints filed in forma pauperis).

Standard of Review

Under this court's local rules, when a plaintiff files an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir.

2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Griffin worked for six years for the Hospital, a federally-designated critical access hospital. On or before May 19, 2009, in a conversation with a patient, Griffin made remarks that he characterizes as innocent, political speech. The complaint does not state what the comments were.

On May 19, 2009, Human Resource Director Laurie Bolognani fired Griffin, calling his remarks "misconduct." Peter Kritkos, the Hospital's Chief Financial Officer, sent Griffin a termination letter. In contrast, the Hospital did not fire a female nurse who has picked fights with patients and used caustic, demeaning language with them. The Hospital has also not fired a female nurse who stole barbiturates, and one who came to work under the influence of alcohol.

After he was fired, Griffin filed a claim for unemployment benefits, but was denied. An officer in the NH DES's Adjudication Unit determined that the remark at issue, made in a casual conversation with a patient in a hospital, was

"misconduct," rendering Griffin ineligible for unemployment compensation under State law.

I construe the complaint (doc. no. 1) as asserting the following claims:

1. The Hospital defendants fired Griffin in retaliation for his exercise of his right to free speech under the First Amendment.

2. The Hospital defendants violated Griffin's right to equal protection under the Fifth and Fourteenth Amendments for terminating Griffin because of a bias against him personally, a bias against his political affiliation, and a bias against his gender.

3. NH DES is liable for violating Griffin's right to free speech under the First and Fourteenth Amendments because an officer in the Adjudication Unit determined that Griffin's political speech, made to a patient in a hospital, was misconduct, rendering him ineligible for unemployment compensation.

## Discussion

In a preliminary review of a pro se complaint filed in forma pauperis, I must evaluate, among other things, whether the complaint states a claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2)(B). An underlying issue in this case is whether Griffin engaged in protected speech.

Here, the complaint does not set forth Griffin's words and provides few details regarding the context in which he said them. I cannot simply accept the truth of the allegation that Griffin's

4

words were protected under the First Amendment, as this allegation involves a conclusion of law. See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1951 (2009) (conclusory nature of allegations disentitles them to presumption of truth). Accordingly, to avoid dismissal, the complaint must state what Griffin said, to whom he said it, and under what circumstances. Griffin's complaint has fallen short in this regard. Given the early stage of the case and Griffin's pro se status, I will grant Griffin an opportunity to file an amended complaint to address this deficiency. See LR 4.3(d)(1)(B)(ii) (magistrate judge may grant party leave to file amended pleading).

In addition, Griffin has failed to name the person who denied his application for unemployment benefits. Should Griffin intend to assert a claim against a particular NH DES employee or agent, Griffin must set forth the claim with greater particularity in an amended complaint, specifying who denied his application and for what reason. See id.

### Conclusion

For the foregoing reasons, Griffin is directed to file an amended complaint within 20 days of this Order. The amended complaint shall state the following: (1) the words

Griffin used, to whom he said them, and under what circumstances; and (2) the name of the NH DES official who denied his application and the reason for the denial. As an attachment to his amended complaint, Griffin shall file a copy of the NH DES ruling denying his application for unemployment compensation, and, if Griffin has appealed the denial, a copy of any decision on his appeal. If Griffin fails to comply with this Order as directed within 20 days, the court may dismiss Griffin's claims.[2]

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: October 2, 2009

cc:  John R. Griffin, Jr., pro se

JRM:nmd

---

[2] Griffin has also filed a motion for an order directing NH DES to release unemployment benefits and for leave to file a claim for punitive damages against the Hospital defendants (doc. no. 3). Griffin's claims against these parties appear to be untenable for reasons not addressed here, including, for example, as to NH DES, the Eleventh Amendment, see, e.g., Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009), and, as to the Hospital defendants, the absence of a state actor, see, e.g., Rockwell v. Cape Cod Hosp., 26 F.3d 254, 258-60 (1st Cir. 1994). To conserve judicial resources, I am reserving judgment on these issues and will address them, as appropriate, upon reviewing Griffin's amended complaint.